UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SOMCHANH AMPHONEPHONG,      )<br>                                                          )<br>                         Petitioner,        )<br>                                                          )<br>           v.                                            )         No. 2:22-cv-00237-JMS-MKK<br>                                                          )<br>WARDEN,                                      )<br>                                                          )<br>                         Respondent.     ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS**

Petitioner Somchang Amphonephong was convicted of child molesting in 2012 in an Indiana court. Mr. Amphonephong now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that his trial and appellate counsel were ineffective in several respects. For the reasons explained below, Mr. Amphonephong's petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

**I.
Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> On June 5, 2010, then five-year-old J.B. spent the night with her aunt, Geri Westmoreland ("Aunt"), who dated and lived with Amphonephong. That night, J.B. got into bed with Aunt and Amphonephong, and she lay down between them. Aunt was asleep, J.B. was lying on her back, and Amphonephong was lying on his side and facing J.B. when "[h]e put his hands in [J.B.'s] pants" and "in her underwear." (Tr. 148). He touched the "[i]nside" of her "private" that she used to "[p]ee."

> (Tr. 149). About ten times, J.B. "kept on putting his hands out but he kept on putting his hands back in." (Tr. 149-50).
>
> The next day, J.B. told her Aunt what Amphonephong had done to her. Aunt then asked her other niece, N.B., who was also five years old, if Amphonephong had done anything to her. N.B. indicated that he had touched her and had sexual intercourse with her on more than one occasion when she was four and five years old. After J.B.'s mother learned what had happened, she called the police. J.B. and N.B. were then interviewed by the Child Advocacy Center, and they each had a physical examination.
>
> The State charged Amphonephong with: Count I, Class A felony child molesting for his act of sexual intercourse against N.B.; Count II, Class C felony child molesting for his act of touching N.B.; and Count III, Class C felony child molesting for his act of touching J.B.

*Amphonephong v. State*, 32 N.E.3d 825, 828 (Ind. Ct. App. 2015) ("*Amphonephong I*") (in the record at dkt. 7-7).

On direct appeal, appellate counsel argued that there was insufficient evidence to support Amphonephong's conviction. Dkt. 7-5. The Court of Appeals affirmed his conviction, and he did not petition to transfer to the Indiana Supreme Court. Dkt. 7-2 at 6.

Mr. Amphonephong filed a petition for post-conviction relief in state court alleging ineffective assistance of trial and appellate counsel. Dkt. 7-8. After the petition was denied, he appealed. On appeal he alleged that his trial counsel was ineffective in four ways: 1) failure to attend all pretrial hearings, 2) failure to ensure a translator was available at trial and during trial preparations, 3) failure to provide any defense at trial, and 4) failure to communicate a plea offer. He did not appeal the denial of his ineffective assistance of appellate counsel claims. Dkt. 7-10. The Indiana Court of Appeals affirmed. Dkt. 7-4 at 7. In his petition to transfer to the Indiana Supreme Court, Mr. Amphonephong raised only his claim that trial counsel was ineffective for failing to communicate a plea offer. Dkt. 7-13. The Indiana Supreme Court denied transfer. Dkt. 7-4 at 8.

Mr. Amphonephong then sought habeas relief in this Court. He alleges that his trial counsel was ineffective for four reasons: 1) failure to attend all pretrial hearings, 2) failure to ensure a translator was available at trial and during trial preparations, 3) failure to provide any defense at trial, and 4) failure to communicate a plea offer. He alleges that his appellate counsel was ineffective for failing to raise three issues on appeal: 1) abuse of discretion for holding pretrial hearings without defense counsel, 2) failing to ensure a translator was available at trial, and 3) trial counsel's failure to communicate a plea offer.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more

4

general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). Where, as here, a petitioner alleges ineffective assistance of counsel, each basis for that claim must have been fairly presented in state court. *See Pole v. Randolph*, 570 F.3d 922, 935 (7th Cir. 2009) ("[I]f a petitioner fails to assert in the state courts a particular factual basis for the claim of ineffective assistance, that particular factual basis may be considered defaulted.").

"Procedural default may be excused where the petitioner demonstrates either (1) cause for the default and actual prejudice or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (cleaned up).

## III.
## Discussion

### A. Procedurally Defaulted Claims

Mr. Amphonephong has defaulted allegations of appellate counsel's ineffectiveness and all but one allegation of trial counsel's ineffectiveness because he failed to present them in his post-conviction appeal or petition to transfer to the Indiana Supreme Court. Dkt. 7-10; dkt. 10-13. The only claim he exhausted in state court is his claim that trial counsel was ineffective when he failed to communicate a plea offer to Mr. Amphonephong.

5

Mr. Amphonephong's reply and supplemental reply focus on the merits of his claim that he needed an interpreter to aid in his defense and understand his trial proceedings.[1] But he does not address his failure to exhaust that claim in state court. And it is not apparent from either the briefing or the state court record that Mr. Amphonephong's limitations in communicating in English played in any part in his failure to exhaust his lack of an interpreter claim, while exhausting his claim that his counsel failed to communicate a plea offer.

The Seventh Circuit has repeatedly held that illiteracy does not constitute cause to overcome procedural default. *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Henderson v. Cohn*, 919 F.2d. 1270, 1272 (7th. Cir. 1990)). At trial, multiple witnesses testified that they routinely communicated with Mr. Amphonephong in English. Trial Trans., dkt. 8-4 at 200, 227. He also communicated with the trial court in English. Trial Trans., dkt. 8-6 at 1; Sentencing Trans., dkt. 8-7 at 4. Although the Court of Appeals recognized his limited ability to read or write in English,[2] he has not shown how any language limitation caused him to raise only his failure to communicate a plea claim and abandon his other bases for trial ineffectiveness when he petitioned to transfer to the Indiana Supreme Court.

Mr. Amphonephong has not overcome his default of these grounds for relief. Thus, the Court addresses only Mr. Amphonephong's allegation that trial counsel failed to communicate a plea offer.

## B.  Ineffective Assistance of Trial Counsel

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When reviewing the denial of

---

[1] His reply also makes arguments in support of his motion to stay, which was separately briefed and addressed in a previous Order. *See* dkt. 16.
[2] *Amphonephong I*, 32 N.E.3d at 832.

Mr. Amphonephong's ineffective assistance of counsel claim, the Indiana Court of Appeals correctly stated the *Strickland* standard:

> When reviewing claims of ineffective assistance of counsel, we apply the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a petitioner must first demonstrate that counsel's performance was deficient and second, that the petitioner was prejudiced by the deficient performance. Deficient performance exists if counsel's performance falls below an objective standard of reasonableness based on prevailing professional norms. Prejudice exists if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Failure to prove either prong causes the petitioner's claim to fail.

*Amphonephong v. State*, 184 N.E.3d 627, 2022 WL 402300, *3 (Ind. Ct. App. 2022) ("*Amphonephong II*") (citations omitted) (in the record at dkt. 7-12). And specific to Mr. Amphonephong's failure to communicate a plea claim, the state court correctly identified the standard set forth in *Missouri v. Frye*, 566 U.S. 134, 147 (2012): "To make the necessary showing of prejudice under the second prong, the petitioner must show there was a reasonable probability he would have accepted the plea and neither the State nor the trial court would have thwarted implementation of the petitioner's plea agreement." *Amphonephong II*, 2022 WL 402300, at *5.

The Indiana Court of Appeals reasonably applied this standard when it held that Mr. Amphonephong failed to demonstrate a reasonable probability that he would have accepted the plea offer because he maintained his innocence throughout his criminal and post-conviction proceedings. *Id*. Mr. Amphonephong is not entitled to relief on this claim.

### IV.
### Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017).Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could disagree that Mr. Amphonephong's claims were either procedurally defaulted or were denied by the Indiana Court of Appeals based on a reasonable application of federal law. Therefore, a certificate of appealability is **denied**.

## V.
## Conclusion

Mr. Amphonephong's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue. Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 2/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SOMCHANH AMPHONEPHONG
222105
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov